**Fadil FERIZI, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,[1] Immigration and Naturalization Service, Respondents.**

**No. 08–4806–ag.**

United States Court of Appeals, Second Circuit.

June 4, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as a respondent in this case.

Sam Gjoni, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Aviva L. Poczter, Senior Litigation Counsel; Nehal H. Kamani, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner, Fadil Ferizi, a native of the former Yugoslavia and a citizen of Serbia–Montenegro, seeks review of the September 18, 2008 order of the BIA affirming the July 2, 2007 decision of Immigration Judge ("IJ") Javier Balasquide denying Petitioner's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fadil Ferizi*, No. A 098 402 906 (B.I.A. Sept. 18, 2008), *aff'g* No. A 098 402 906 (Immig. Ct. N.Y. City July 2, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir.2008). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

As a preliminary matter, because Ferizi failed to challenge the agency's denial of his CAT claim, any challenge to that finding is deemed waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005).

Substantial evidence supports the agency's adverse credibility determination, which was based on Ferizi's demeanor, inconsistencies in his testimony, and discrepancies between his testimony and his supporting documents. *See Secaida–Rosales v. I.N.S.*, 331 F.3d 297, 307 (2d Cir. 2003) (an adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding) (internal quotation marks omitted). For example, Ferizi testified that he was assaulted and beaten by three masked individuals at his workplace in February 2000; however, his asylum application, the doctor's report, and his wife's declaration stated that this incident occurred in De-

cember 2002. In addition, while Ferizi testified that shots were fired at his home in December 2002, his wife's letter stated that this incident occurred in June 2003. Ferizi testified also that he was hospitalized for 27 days after he was shot; however, the doctor's report indicated that he was hospitalized for three days.

Ferizi asserts that his testimony was "not clear" because of his confused state of mind and memory problems. However, the agency considered this explanation and reasonably rejected it. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Ferizi further argues that the IJ erred in not permitting him to see a psychological professional. However, Ferizi bore the ultimate burden of proof to establish his eligibility for asylum. 8 C.F.R. § 208.13(a). Despite this burden, Ferizi never requested a continuance so that he could seek the opinion of a psychologist, and he did not call as a witness the doctor who did see him.

Viewed as a whole, the IJ's adverse credibility determination was supported by substantial evidence. Therefore, because the only evidence that Ferizi was likely to be persecuted depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claims for asylum and withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.